USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-2165 LUISA SOTO-RIVERA, Plaintiffs, Appellants, v. DOMINISA SANTIAGO-GUADARRAMA, IN HER PERSONAL AND OFFICIAL CAPACITY, AS SCHOOL SUPERINTENDENT, RIO PIEDRAS I DISTRICT, Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] Before Boudin, Circuit Judge, Campbell, Senior Circuit Judge, and Stahl, Circuit Judge.     Luisa Soto-Rivera on brief pro se. Carlos Lugo Fiol, Solicitor General, Edda Serrano Blasini,Deputy Solicitor General, and Leticia Casalduc-Rabell, AssistantSolicitor General, on brief for appellees.October 5, 1999  Per Curiam. Plaintiffs were warned in two court orders that a failure to clarify their claims of political discrimination could lead to a dismissal of their complaint with prejudice. They also were directed to attend the initial scheduling conference through a representative who was prepared to explain the complaint. Although two amended complaints were filed, the allegations against each defendant remained too vague and ambiguous to enable the defendants to file meaningful answers. The attorney who appeared for plaintiffs at the pretrial conference was not prepared to explain their claims, and the response to defendants' motion to dismiss indicated that there would be no further clarification. Under the circumstances (1) we see no abuse of discretion nor other error in the dismissal with prejudice of the federal claims against the defendants in their individual capacities, and the dismissal of the supplemental state-law claims without prejudice for want of jurisdiction. We also see (2) no basis for objection to the dismissal of the official capacity claims since plaintiffs conceded the ground for dismissal below, and (3) no prejudice to plaintiffs from the earlier decision that a proposed claim under the Americans with Disabilities Act could not be properly joined in this action.  We do not reach defendants' argument for a "heightened pleading" standard, since this complaint was properly dismissed for failure to comply with two court orders.  Cf. Judge v. Lowell, 160 F.3d 67, 73 (1st Cir. 1998) (holding that to protect the policies underlying the doctrine of qualified immunity a trial court may exercise its discretion to require specificity in the pleading of the element of intent).  The judgment is affirmed.